NOT FOR PUBLICATION                                                                                          CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HERBERT COWAN, | Civil Action No. 14-4849 (SRC) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| STEPHEN D'ILIO, et al., | **AND ORDER** |
| Respondents. | |

Pro se Petitioner Herbert Cowan ("Petitioner"), a prisoner confined at New Jersey State Prison, Trenton, New Jersey, submitted for filing an application executed pursuant to 28 U.S.C. § 2254. Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of habeas corpus . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L. Civ. R. 81.2(a).

Petitioner did not use the habeas form applicable to Section 2254 petitions, i.e., AO 241 (modified): DNJ-Habeas-008(Rev. 01-2014).

THEREFORE, it is on this ___19___ day of _____, 2014,

ORDERED that the Clerk shall administratively terminate this matter, without filing Petitioner's submission, and Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and if this matter is reopened in accordance with the terms of this Memorandum and Order, his application executed on the appropriate form would be deemed timely if Petitioner's original submission in this matter was filed timely, see

1

Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275 (2013) (distinguishing administrative terminations from dismissals); Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 84 n.2 (2013) (describing prisoner's mailbox rule generally); Dasilva v. Sheriff's Dep't., 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a petition is submitted to the clerk before the statute runs"); and it is further

ORDERED that the Clerk of the Court shall forward Petitioner a blank AO 241 (modified): DNJ-Habeas-008(Rev. 01-2014) form; and it is further

ORDERED that the Clerk's service of the blank habeas petition form shall not be construed as this Court's finding that the original submission is or is not timely, or that Petitioner's claims are or are not duly exhausted; and it is further

ORDERED that if Petitioner wishes to reopen this matter, he shall so notify the Court, in a writing addressed to the Clerk of the Court, within 30 days of the date of entry of this Memorandum and Order. Petitioner's writing shall include a complete, signed habeas petition on the appropriate form served to him by the Clerk. Such petition form shall be concise; and it is further

ORDERED that upon receipt of a writing from Petitioner stating that he wishes to reopen this matter and a complete, signed, concisely executed appropriate petition form, the Clerk will be directed to reopen this matter; and it is finally

ORDERED that the Clerk shall serve this Memorandum and Order upon Petitioner by regular U.S. mail.

STANLEY R. CHESLER,
**United States District Judge**